UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. ALTMAN & ASSOCIATES, P.C.,

    Plaintiff/Counter-Defendant,

v.                                     Case No. 08-CV-10810-DT

FOOT AND ANKLE HEALTH CENTERS, P.C.
and KENNETH D. POSS,

    Defendants/Counter-Plaintiffs/Third-Party
    Plaintiffs,

and

METRO HEALTH, INC.,

    Third-Party Plaintiff

v.

BRIAN J. ALTMAN & ASSOCIATES, P.C.,
ALTMAN HOLDINGS AND INVESTMENTS,
LLC, and BRIAN J. ALTMAN

    Third-Party Defendants

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR JURY TRIAL**

Before the court is a motion for a jury trial filed by Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Foot & Ankle Health Centers, P.C. and Kenneth Poss and Third-Party Plaintiff Metro Health on January 12, 2009. The matter has been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

Plaintiff Brian J. Altman & Associates, P.C. ("Altman & Associates") initiated this action on February 27, 2008, and amended its complaint on March 25, 2008. Plaintiff did not request a jury trial. On June 9, 2008, Defendants Foot & Ankle Health Centers, P.C. ("Foot & Ankle") and Kenneth D. Poss, D.P.M filed an "Amended Counterclaim" against Altman & Associates. On the same date, a "Third Party Complaint" was filed by Metro Health, Inc., Foot & Ankle, and Dr. Poss against Altman & Associates, Altman Holdings and Investments, LLC ("Altman Holdings"), and Brian J. Altman.[1] Neither the Amended Counterclaim nor the Third Party Complaint included a jury demand.

On July 8, 2008, Altman & Associates filed a motion to dismiss the Amended Counterclaim, and Altman & Associates, Altman Holdings, and Brian Altman (collectively, the "Altman Entities" or "Third-Party Defendants") filed a motion to dismiss the Third-Party Complaint. These motions were denied on October 14, 2008, and ten days later the Altman Entities filed answers to the Amended Counterclaim and Third Party Complaint. As with the previous pleadings, no jury demand was made in the Altman Entities' answers.

The parties participated in a telephonic status conference on October 29, 2008 to discuss scheduling issues. Prior to the conference, the parties submitted a joint discovery plan indicating the parties' agreement that the case was set to be tried by the court, not a jury.

On December 5, 2008, the parties appeared for a settlement conference and consistent with the attorneys' specific request, another Article III judge presided over the

---

[1] The June 9, 2008 pleadings were filed after Defendants recognized certain procedural defects in their earlier-filed counterclaim.

conference.[2]  The case did not settle, and Altman & Associates filed another motion attacking the Amended Counterclaim and the Third Party Complaint, and Defendants/Counter-Plaintiffs/Third-Party Plaintiffs[3] filed the instant motion for a jury trial.

## II.  DISCUSSION

Although the right to a jury trial is guaranteed by the Constitution, "like other constitutional rights, [it] can be waived by the parties."  *Sewell v. Jefferson County Fiscal Court*, 863 F.2d 461, 464 (6th Cir. 1988) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 101 (1971)).  The mechanism by which a party waives a jury trial, through counsel, is set forth under Federal Rule of Civil Procedure 38.  Under Rule 38, "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b)(1).  Defendants' counsel acknowledges that she purposefully did not file a jury demand, in accordance with the procedure under Rule 38.  (Defs.' Mot. at 1.)  Where, as here, no demand is made, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  The Sixth Circuit has

---

[2]  Because the case is to be tried to the bench, the undersigned judge could not properly conduct the settlement conference himself, and instead enlisted the help of another judge in this district. Upon the court's request, the Honorable Avern Cohn agreed to devote time from managing his own docket to assist the parties.  It bears mention in passing that both parties thereafter have inexplicably managed to misspell as "Cohen" the name of this jurist who, even beyond the local legal community, has been well-known for decades.

[3] For simplicity's sake, the court will refer to Defendants/Counter-Plaintiffs/Third-Party Plaintiffs as "Defendants."

held:

> A district court has broad discretion in ruling on a Rule 39(b) motion. *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). The court's discretion should be exercised in favor of granting a jury trial "in the absence of strong and compelling reasons to the contrary." *Local 783 v. General Elec. Co.*, 471 F.2d 751, 755 (6th Cir.) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965)), cert. denied, 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55 (1973).

*Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1013 (6th Cir. 1987).  In this case, however, the court finds strong and compelling reasons to deny Defendants' motion, principally because there had been no mention of a jury trial in the eleven months this case had been pending, during which time counsel were specifically in agreement that the case was to be tried to the bench.

Defendants argue that the failure to file a jury demand was due solely to counsel's mistake and inadvertence in not asking her clients whether they wanted a jury trial.  The court disagrees with Defendants' characterization of the failure to file a jury demand as being due to a excusable "mistake" or "inadvertence."  Instead, as counsel readily admits, counsel made a deliberate decision not to file a jury demand.  To characterize this decision as "inadvertence" or a "mistake" is to inappropriately dilute the meaning of those terms.  Counsel could similarly argue, for example, that the strategy to seek a bench trial was a "mistake" in light of subsequent perceived unfavorable rulings.  Indeed, any second-guessing of a deliberate choice to waive a jury trial could be broadly characterized, months later, as an inadvertent "mistake."  Here, the court interprets the stated reason for Defendants' motions as due to a change in strategy, not due to "mistake" or "inadvertence."   Indeed, Defense counsel indicates that after the facilitation

4

with Judge Cohn her clients "strongly expressed the desire for a jury trial." (Defs.' Reply at 2.)  Such the statement of such a "strong . . . desire," expressed immediately following an unsuccessful informal proceeding before a judge, reverberates with the sound of a shift in tactical choices, not in "mistake" or "inadvertence."  The court is not inclined to grant a motion for a jury trial which is brought, essentially, because Defendants--or their counsel--simply changed their minds.

Bolstering this observation is that this motion comes almost one year after the case was initiated and over six months after the first responsive pleading was filed.  It is true, as Defendants point out, that discovery has not yet commenced, but the case has already undergone a court-supervised settlement conference as well as fairly substantial motion practice.  To date, the court has ruled on two dispositive motions, and a third is scheduled for hearing on March 11, 2009.  The court is well familiar with the competing allegations in this case, and has conducted pretrial proceedings with the expectation that the case would ultimately be tried by the bench.  Had either party timely filed a jury demand, the court would have perhaps set different schedules or managed other components of docket differently. Counsel for both sides, certainly, would have approached this case differently had it been declared a jury case.

Simply put, the court is unpersuaded that Defendants' shift in tactics justifies substantially changing the course of litigation that has been proceeding toward a bench trial resolution for twelve months.  The motion will be denied.

### III. CONCLUSION

IT IS ORDERED that Defendants/Counter-Plaintiffs/Third-Party Plaintiffs motion for a jury trial [Dkt. # 38] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 23, 2009, by electronic and/or ordinary mail.

    S/Lisa Ware for Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522